UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

FORT PIERCE DIVISION

Case No. 2:16-cv-14002

_____
                                    )
**ROBERTO PEREZ-PEREZ,**             )
**individually and on behalf of**    )
**all other persons similarly situated,** )
                                    )
       **Plaintiff,**             )
                                    )       **COMPLAINT -**
**v.**                               )       **CLASS ACTION**
                                    )
**BENITO VASQUEZ, doing business as** )
**B & F DETASSELING,**               )
                                    )
       **Defendant.**             )
_____)

**COMPLAINT FOR DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1. This is an action by a migrant farmworker to secure and vindicate rights afforded to him by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq*. ("AWPA").

2. The Plaintiff also seeks relief on behalf of his co-workers for the Defendant's violations of the recordkeeping, wage statement, working arrangement and wage payment provisions of the AWPA.

3. The Plaintiff complains of the unlawful employment practices of the Defendant during the periods in 2015 while Plaintiff and the other class members were employed

detasseling corn with Defendant's crew in Illinois on the operations of Monsanto Company.

    4. The Plaintiff seeks an award of money damages, declaratory relief, and injunctive relief to make him whole for damages he suffered due to the Defendant's violations of law, and to ensure that he and other farmworkers will not be subjected by the Defendant to similar illegal conduct in the future.

## JURISDICTION

    5. Jurisdiction is conferred upon this Court by 29 U.S.C. §1854(a), this action arising under the AWPA.

    6. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

    7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1854(a). The cause of action arose in part in this district and the Defendant is a resident of this district.

## PARTIES

    8. The Plaintiff is a citizen of Guatemala who maintains his permanent home in that country. He presently resides in Hendry County, Florida, where is engaged in agricultural employment of a seasonal nature. At all times relevant to this action, the Plaintiff was a migrant agricultural worker within the meaning of the AWPA, 29 U.S.C. §1802(8)(A), and its attendant regulations, 29 C.F.R. §500.20(p), in that he was employed in agricultural employment of a seasonal nature as a corn detasseler in Illinois and was required to be absent overnight from his

permanent place of residence.

9. Defendant Benito Vasquez is a resident of Avon Park, Highlands County, Florida. At all times relevant to this action, Benito Vasquez was a farm labor contractor within the meaning of the AWPA, 29 U.S.C. §1802(7), in that, for a fee, he recruited, solicited, hired, employed, furnished or employed migrant agricultural workers.

## CLASS ACTION ALLEGATIONS

10. All claims in this action are brought by the Plaintiff on behalf of himself and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

11. The Plaintiff seeks to represent a class consisting of all migrant agricultural workers, as defined by the AWPA, who were furnished to Monsanto Company for detasseling work in 2015 by Defendant Benito Vasquez, doing business as B & F Detasseling.

12. The precise number of individuals in the class is known only to Defendant Vasquez. The class is believed to include at least 50 individuals. The proposed class is comprised of indigent migrant farmworkers who are not fluent in the English language. The relatively small size of the individual claims and the indigency of the class members make the maintenance of separate actions by each class member economically infeasible. Joinder of all members of the class is impracticable.

13. There are questions of fact common to the class. These common questions include whether Vasquez paid the Plaintiff and the other class members wages as required by law and his working arrangement with the class members as embodied in the Worker Disclosure/Information Statement distributed at the time of the workers' recruitment.

14. There are questions of law common to the class. These common legal questions include whether the payroll records maintained by Vasquez and the wage statements he furnished to his crew satisfied the requirements of the AWPA and its attendant regulations, and whether any violations of the AWPA were intentional within the meaning of the Act.

15. The claims of the named Plaintiff are typical of those of the other class members, and these typical, common claims predominate over any questions affecting only individual class members. The Plaintiff has the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class.

16. The Plaintiff's counsel is experienced in litigation under the AWPA and has handled numerous class actions in the federal courts, including over 30 class actions under the AWPA. The Plaintiff's counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

17. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a. The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b. Many, if not most, members of the class are unaware of their rights to prosecute these claims and lack the means and resources to secure legal assistance;

c. There has been no litigation already commenced by the members of the class to determine the questions presented with respect to the Defendant;

d. It is desirable that the claims be heard in this forum since the class members and the Defendant reside in this district and the cause of action arose in part in this district; and

e. A class action can be managed without undue difficulty because Defendant Vasquez regularly committed the violations complained of herein, and was required to maintain detailed records concerning each member of the class.

## **CLAIM FOR RELIEF**

18. The Plaintiff asserts this on behalf of himself and the other members of the class, for damages, declaratory relief and injunctive relief with respect to Defendant Benito Vasquez's violations of the AWPA and its attendant regulations during the 2015 Illinois corn detasseling season.

19. Monsanto Company grows thousands of acres of corn in the Midwest and requires a large seasonal labor force to detassel and rogue the corn plants over a short period during the summer months.  Because of difficulty in attracting a sufficient number of local workers to fill the seasonal detasseling and rouging jobs, Monsanto Company hires farm labor contractors to furnish farmworkers for Monsanto's operations.

20. In the months leading up to the summer of 2015, Monsanto engaged the services of Defendant Benito Vasquez to provide farm laborers to detassel and rogue corn on Monsanto's Illinois operations.

21. After having reached agreement with Monsanto to furnish farm laborers for the company's operations during the summer of 2015, Defendant Vasquez recruited the Plaintiff and the other class members in Florida.

22. At the time he recruited and hired the Plaintiff and the other members of the class, Defendant Vasquez provided them with a document in English and Spanish describing certain terms of the proffered Illinois employment.  This document, captioned "Migrant and Seasonal Agricultural Worker Protection Act Worker Information/Disclosure Statement, ws prepared ona pre-printed form provided to Vasquez by Monsanto Company.

23. The Worker Information/Disclosure Statement described in Paragraph 22 stated that the workers would be paid a piece-rate of $75 per acre for detasseling and an hourly rate of $9.00

for rouging. This Worker Information/Disclosure Statement constituted a working arrangement between Vasquez and the Plaintiff and the other class members, within the meaning of the AWPA, 29 U.S.C. §1822(c).

24. Relying on the promises contained in the Worker Information/Disclosure Statement, the Plaintiff and the other class members accepted Vasquez's offer of employment and were transported by Vasquez from Florida to Monsanto's jobsite in Illinois.

25. Upon arrival in Illinois, the Plaintiff and the other members of the class went to work on Monsanto's operations with Vasquez's crew.

26. Although the Plaintiff and the other class members were promised at the time of recruitment that the detasseling work would be paid at a piece-rate of $75 per acre, much of the detasseling work was instead paid by the hour, resulting in lower earnings for the workers.

27. The earnings of the Plaintiff and the other class members were further reduced by Defendant Vasquez's practice of under-reporting the hours worked by the members of his crew.

28. By his actions described in Paragraph 27, Defendant Vasquez failed to make, keep and preserve payroll records containing the data required to be maintained by the AWPA, 29 U.S.C. §1821, and its implementing regulations, 29 C.F.R. §500.80(a). Among other things, Defendant Vasquez's records did not accurately state the actual number of hours worked by the Plaintiff and the other class members.

29. Vasquez paid the Plaintiff and the other members of the class with checks. The check stubs were used by Vasquez to satisfy the wage statement requirements of the AWPA, 29 U.S.C. §1821(d)(2) and 29 C.F.R. §500.80(d). These check stubs did not contain all of the data required to be disclosed by the AWPA and its implementing regulations. The actual number of hours worked was not shown, because Vasquez had under-reported the hours worked by the Plaintiff and the other members of the class, as described in Paragraph 27. The wage statements also failed to show the basis on which wages were paid and did not include the employer's address.

30. By failing to pay the promised piece-rate for detasseling, and under-reporting the number of compensable hours worked for labor paid on an hourly basis, defendant Vasquez failed to pay Plaintiff and the other class members their wages when due, in violation of the AWPA, 29 U.S.C. §1822(a), and its implementing regulations, 29 C.F.R. §500.81.

31. By failing to pay the piece-rate wage for detasseling promised in the Worker Information/Disclosure Statement, Defendant Vasquezviolated without justification his working arrangement with the Plaintiff and the other class members, in contravention of the AWPA, 29 U.S.C. §1822(c).

32. The violations of the AWPA and its attendant regulations as set forth above were the natural consequences of the conscious and deliberate actions of Defendant Vasquez.  These violations occurred as a result of Defendant Vasquez's regular business practices.  As a result, the violations of the AWPA and its attendant regulations as set out above were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

33. As a result of Defendant Vasquez's violations of the AWPA and its attendant regulations as set forth above, the Plaintiff and the other members of the class have suffered damages, including the denial of wages due them.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court will enter an order:

a. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for violations of the AWPA's recordkeeping, wage statement, wage payment and working arrangement provisions as set forth in the Claim for Relief;

b. Declaring that Defendant Benito Vasquez intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations as set forth in the Claim for Relief;

c. Granting judgment in favor of the Plaintiff and the other members of the class and against Defendant Benito Vasquez on the claims under the recordkeeping, wage statement, wage payment and working arrangement provisions of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in the Claim for Relief and awarding each of them his or her actual damages or $500 in statutory damages, whichever is greater, for each of these violations of the AWPA and its implementing

      regulations;

d.     Permanently enjoining Defendant Benito Vasquez from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

e.     Awarding the Plsintiff a reasonable attorney's fee with respect to his claims under the AWPA's wage payment provisions, in accordance with §448.08, Fla. Stat.; and

f.      Granting such other relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
MIGRANT FARMWORKER JUSTICE
    PROJECT
508 Lucerne Avenue
Lake Worth, Florida  33460-3819
Telephone:     (561) 582-3921
Facsimile:     (561) 582-4884
e-mail: Greg@Floridalegal.Org

Attorney for Plaintiff