UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:16-cv-14002-JEM

ROBERTO PEREZ-PEREZ,

    Plaintiff,

vs.

BENITO VASQUEZ, doing business as
B & F DETASSELING,

    Defendant.
    _____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, BENITO VASQUEZ, doing business as B & F DETASSELING, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses, as follows:

Defendant denies each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below.  Defendants also specifically reserves the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery.  Defendant's Answer to each of the specifically enumerated paragraphs of the Plaintiff's Complaint is as follows:

    1.    With regard to Paragraph 1 of the Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring an action for damages and other relief under the AWPA, but denies that Plaintiff has stated any cause of action or that Plaintiff is entitled to any such relief.  Further, to the extent not expressly admitted otherwise, Defendant denies each and every other allegation, inference and legal conclusion contained in Paragraph 1 of the Plaintiff's Complaint and demand strict proof thereof.

2. With regard to Paragraph 2 of the Plaintiff's Complaint, Defendant admits that Plaintiff purports to seek relief on behalf of his co-workers for certain alleged violations of the AWPA, but denies that Plaintiff has stated any cause of action or that Plaintiff or any of his co-workers are entitled to any such relief. Further, Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 2 of the Plaintiff's Complaint and demands strict proof thereof.

3. With regard to Paragraph 3 of the Plaintiff's Complaint, Defendant denies that any unlawful employment practices were committed by the Defendant during 2015 or any other time frame, deny that Plaintiff or any co-worker is entitled to any relief, deny that this case is proper for class treatment and otherwise denies the allegations, inferences and legal conclusions contained in Paragraph 3 of the Plaintiff's Complaint and demands strict proof thereof.

4. With regard to Paragraph 4 of the Plaintiff's Complaint, Defendant admits that Plaintiff seeks an award of money damages and certain other relief for alleged AWPA violations, but denies that Plaintiff has stated any cause of action or that Plaintiff or any co-worker is entitled to any such relief.

5. With regard to Paragraph 5 of the Plaintiff's Complaint, Defendant does not contest subject matter jurisdiction. Answering further, Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiff's Complaint and demands strict proof thereof.

6. With regard to Paragraph 6 of the Plaintiff's Complaint, Defendant does not contest this Court's power to grant declaratory relief. Answering further, Defendant denies

the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiff's Complaint and demands strict proof thereof.

7. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 7 of the Plaintiff's Complaint and demands strict proof thereof.

8. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 8 of the Plaintiff's Complaint and demands strict proof thereof.

9. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 9 of the Plaintiff's Complaint and demands strict proof thereof.

10. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof. Answering further, Defendant denies that there are any such other similarly situated persons.

11. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof. Answering further, Defendant denies that any such class is proper in this case and/or that Plaintiff is the proper class representative.

12. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 12 of the Plaintiff's Complaint and demands strict proof thereof. Answering further, Defendant denies that any such class is proper in this case.

13. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 13 of the Plaintiff's Complaint and demands strict proof thereof. Answering further, Defendant denies that any such class is proper in this case.

14. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 14 of the Plaintiff's Complaint and demands strict proof thereof. Answering further, Defendant denies that any such class is proper in this case.

15. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 15 of the Plaintiff's Complaint and demands strict proof thereof. Answering further, Defendant denies that any such class is proper in this case.

16. Defendant denies for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 16 of the Plaintiff's Complaint and demands strict proof thereof. Answering further, Defendant denies that any such class is proper in this case.

17. Defendant denies for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 17 of the Plaintiff's Complaint, including all sub-parts, and demands strict proof thereof. Answering further, Defendant denies that any such class is proper in this case.

18. With regard to Paragraph 18 of the Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring an action for damages and other relief under the AWPA, and that Plaintiff purports to seek relief on behalf of his co-workers for certain alleged violations of the AWPA, but denies that Plaintiff has stated any cause of action or that Plaintiff has stated any cause of action or that Plaintiff or any of his co-workers are entitled to any such relief. Further, to the extent not expressly admitted otherwise, Defendant denies each and every other allegation, inference and legal conclusion contained in Paragraph 18 of the Plaintiff's Complaint and demand strict proof thereof.

19. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 19 of the Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 20 of the Plaintiff's Complaint and demands strict proof thereof.

21. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 21 of the Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 22 of the Plaintiff's Complaint and demands strict proof thereof.

23. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 23 of the Plaintiff's Complaint and demands strict proof thereof.

24. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 24 of the Plaintiff's Complaint and demands strict proof thereof.

25. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 25 of the Plaintiff's Complaint and demands strict proof thereof.

26. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 26 of the Plaintiff's Complaint and demands strict proof thereof.

27. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 27 of the Plaintiff's Complaint and demands strict proof thereof.

28. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 28 of the Plaintiff's Complaint and demands strict proof thereof.

29. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 29 of the Plaintiff's Complaint and demands strict proof thereof.

30. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 30 of the Plaintiff's Complaint and demands strict proof thereof.

31. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 31 of the Plaintiff's Complaint and demands strict proof thereof.

32. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 32 of the Plaintiff's Complaint and demands strict proof thereof.

33. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 33 of the Plaintiff's Complaint and demands strict proof thereof.

Defendant denies that Plaintiff is entitled to any of the damages or relief sought in the PRAYER FOR RELIEF of the Plaintiff's Complaint, including all sub-parts.

## **AFFIRMATIVE DEFENSES**

34. As and for his First Affirmative Defense, Defendant states that Plaintiff fails to state a claim upon which relief may be granted.

35. As and for his Second Affirmative Defense, Defendant states that venue is improper in the Southern District of Florida.

### **Additional Affirmative Defenses**

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiff's claims in full and tax costs and attorneys' fees, pursuant to § 448.08, Fla. Stat., against the Plaintiff and in favor of Defendant.

| | |
|---|---|
| Dated:   April 22, 2016<br>　　　　　Boca Raton, FL | Respectfully submitted,<br><br>*s/ Daniel R. Levine*<br>DANIEL R. LEVINE, ESQ.<br>Florida Bar No. 0057861<br>E-mail:  drlevine@bennardolevine.com<br>BENNARDO LEVINE LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL  33432<br>Telephone:   (561) 392-8074<br>Facsimile:    (561) 368-6478<br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Roberto Perez-Perez v. Benito Vasquez d/b/a B & F Detasseling*
Case No. 2:16-cv-14002-JEM  (Martinez/Lynch)
United States District Court, Southern District of Florida

| | |
|---|---|
| Gregory S. Schell, Esquire<br>E-Mail:  Greg@Floridalegal.Org<br>Migrant Farmworker Justice Project<br>Florida Legal Services, Inc.<br>P.O. Box 32159<br>Palm Beach Gardens, FL  33420<br>Telephone:   (561) 582-3921<br>Facsimile:    (561) 582-4884<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  drlevine@bennardolevine.com<br>Bennardo Levine LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL  33432<br>Telephone:   (561) 392-8074<br>Facsimile:    (561) 368-6478<br>Counsel for Defendant<br>*Via CM/ECF* |